IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIE REDDEN,

   Petitioner,

vs.             CIVIL ACTION NO.: CV206-172

JOSE M. VASQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie Redden ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Return on the Court's Order to Show Cause and Petitioner has filed a Traverse. For the following reasons, the petition for habeas corpus should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner was convicted of possession with intent to distribute cocaine base and possession of a firearm by a convicted felon in the United States District Court for the Middle District of Georgia. (Gov. Ex. 1, p. 2). Petitioner was sentenced to 188 months' confinement. (Id.). On January 28, 2006, an Incident Report was completed at FCI Jesup which alleged that Petitioner had possession of a jug filled with homemade alcohol in his cell. (Gov. Ex. 2, p. 1). This Incident Report was delivered to Petitioner, notifying him that he was charged with possession of intoxicants, Code 222. (Id.). The matter was referred to the Unit Discipline Committee ("UDC"), which conducted an initial hearing at which

AO 72A
(Rev. 8/82)

Petitioner appeared. (Id.). The UDC made no disposition and referred the matter to the Disciplinary Hearing Officer ("DHO"), who conducted a hearing and concluded that Petitioner had committed the prohibited act as charged. (Gov. Ex. 6). The DHO sanctioned Petitioner to fifteen (15) days in disciplinary segregation, disallowance of fourteen (14) days good conduct time, and the loss of telephone privileges for six (6) months. (Id. at 3).

Throughout the course of the investigation and prosecution of the offense, Petitioner maintained that the alcohol did not belong to him. In this petition for habeas corpus, Petitioner contends that the DHO relied on erroneous information in making his determination that the charge was supported by the evidence. (Doc. No. 1, pp. 2-3). Petitioner alleges that the Incident Report was not delivered to him within 24 hours of staff becoming aware of the incident. (Id. at 2). Petitioner contends that these deficiencies resulted in the denial of his rights to due process of law. Petitioner asserts that this Court should declare that the actions taken against him were unlawful and order that Respondent rescind the incident report in question, correcting his Custody Classification Points. (Id. at 6).

Respondent asserts that Petitioner has failed to demonstrate how the requested relief would result in an earlier release from custody. Therefore, Respondent contends, Petitioner is not entitled to habeas relief. (Doc. No. 6, p. 6). Respondent further alleges that there is no constitutional basis for Petitioner's claims because he has no liberty interest in prison classification decisions. (Id. at 6-7). Finally, Respondent contends that Petitioner was afforded all of the protections required by due process throughout the course of the proceedings against him. (Id. at 7-11).

## DISCUSSION AND CITATION TO AUTHORITY

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute clearly refers to the legality of the prisoner's custody, not to conditions that a prisoner may experience while incarcerated. Thus, "while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment," its availability as a means of contesting the conditions of confinement is a question that has expressly been left open by the Supreme Court. Gomez v. U.S., 899 F.2d 1124, 1126-27 (11th Cir. 1990) (citing Presier v. Rodriguez, 411 U.S. 475, 504, 93 S. Ct. 1827, 1843-44, 36 L. Ed. 2d 439 (1973) and Bell v. Wolfish, 441 U.S. 520, 527, n. 6, 99 S. Ct. 1861, 1868 n. 6, 60 L. Ed. 2d 447 (1979)). However, the law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions. Gomez, 899 F.2d at 1127 (citing Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979)).

Petitioner's contentions for relief under § 2241 are claims that the conditions, as opposed to the validity, of his confinement are unconstitutional. The relief Petitioner seeks is the lowering of his Custody Classification Points. Petitioner thus contests the conditions of his confinement, and a favorable decision by this Court granting that relief would not result in his release from custody, only in a change in his classification. Thus, even if certain conditions of Petitioner's confinement have violated his constitutional rights, a §

3

2241 petition is not the proper remedy. Should Petitioner wish to assert a civil rights claim based on alleged violations of due process, he must assert those claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), not in a habeas corpus petition. It is unnecessary to address any further contentions of the parties.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED and RECOMMENDED**, this 27th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)