IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIE REDDEN,

   Petitioner,

vs.            CIVIL ACTION NO.: CV206-172

JOSE M. VASQUEZ, Warden,

   Respondent.

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Willie Redden's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed. The Magistrate Judge found that Redden's requested relief, a lowering of his Custody Classification Points, would not result in his release from custody, and that Redden's claim actually pertained to the conditions of his confinement. Therefore, the Magistrate Judge concluded, an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and not a § 2241 petition, would be the appropriate remedy in Redden's case. In his Objections to the Magistrate Judge's Report and Recommendation, Redden contends that the requested relief would in fact result in an earlier release from custody. Redden asserts that he also seeks to have the allegedly illegal incident report expunged, resulting in a restoration of fourteen (14) days good time credit and thus an earlier release from custody by fourteen (14) days. (Doc. No. 16, p. 1).

AO 72A
(Rev. 8/82)

Although the relief Redden now requests does make § 2241 the appropriate remedy for his claims, his petition nevertheless fails on its merits.

Proceeding before this Court on a habeas corpus theory, Redden's petition is nonetheless unsuccessful because Redden's due process rights were not violated. A petitioner states a claim for the violation of his procedural due process rights where he alleges the deprivation of "life, liberty, or property." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974); U.S. Const. Amend. XIV, § 1 (providing, in pertinent part, that "nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ."). The deprivation of good time credit about which Redden complains clearly implicates a liberty interest. Wolff, 418 U.S. 558, 94 S. Ct. at 2976 (holding that a prisoner's liberty must be protected even where, as is the case with good conduct time, the liberty interest itself is a statutory creation of the state).

Constitutionally adequate process requires compliance with the minimum due process protections afforded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Wolff, 418 U.S. at 563-66, 94 S. Ct. at 2978-80. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). The determination of whether this standard is satisfied merely requires inquiry into "whether

2

there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56, 105 S. Ct. at 2774.

This Court finds that Redden's due process rights were fulfilled by his disciplinary hearing. The record reveals that Redden was given more than 24 hours advance written notice of the disciplinary hearing, and there is no evidence that he did not have ample time to prepare his defense. (Gov. Ex. 2, p. 1; Gov. Ex. 6, p. 1). Plaintiff was advised of his rights relating to the hearing. (Gov. Ex. 4). Plaintiff was permitted to attend the hearing, give testimony, and present evidence. (Gov. Ex. 4; Gov. Ex. 5; Gov. Ex. 6). Furthermore, Plaintiff received a copy of the written findings of fact by the Disciplinary Hearing Officer (DHO). (Gov. Ex. 6, p. 3). Plaintiff complains that the incident report was untimely delivered because it was not delivered within 24 hours of staff becoming aware of the incident. (Doc. No. 1, p. 2). However, Redden received notice approximately eight days in advance of the DHO hearing, well in excess of 24 hours required by Wolff, and accordingly the due process requirement as to notice was both met and exceeded in Redden's case.

Redden also contends that the "some evidence" standard of due process was not met. Redden asserts that he was never identified as "in possession of the home made intoxicants," and that the intoxicants were not found in his personal property. (Doc. No. 1, p. 3). Redden alleges that the jug of alcohol found under the bed in his cell does not support the charge against him. However, this Court finds that there is indeed "some evidence" in the record to support the DHO's determination as to Redden's guilt. The DHO based the decision on the statement of the reporting officer that a cooler filled with homemade alcohol was found under the bed in Redden's cubicle. (Gov. Ex. 6, p. 2). The

3

DHO also considered Redden's own statements and the statements of his cell mate. (Id.). It is not the role of this Court to determine the propriety of the evidence, only that there is some evidence in the record to support the findings of the DHO. See Hill, 472 U.S. at 455, 105 S. Ct. at 2774. The DHO clearly based the decision of guilt on some evidence, and thus Redden's due process rights were not violated in this regard.

## CONCLUSION

The petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 11 day of January, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)